IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAIME LUEVANO, #1655791, | ) | CIV. NO. 12-00200 SOM/KSC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING ACTION |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. SUPREME COURT, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTION**

Petitioner Jaime Luevano, an inmate at the Connally Unit of the Texas Department of Criminal Justice, located in Kenedy, Texas, has filed a petition for writ of mandamus to compel the United States Congress to conduct an investigation and hold hearings regarding the United States Supreme Court, the United States District Court for the Districts of Columbia and the Texas, unnamed federal judges, and others in Washington D.C. and Texas.  Luevano is proceeding *pro se* and has filed the petition without paying the filing fee or moving for leave to proceed *in forma pauperis* ("IFP").  For the following reasons, this action is DISMISSED.

**I. DISCUSSION**

Luevano seeks an investigation of various unnamed judges and courts and possibly others allegedly involved in a grand, unspecified conspiracy.  There are several insurmountable obstacles to Luevano's claim for relief.

**A.   Failure to Pay Filing Fee or Request IFP Status**

Parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Luevano has neither prepaid the $350 filing fee required to commence a civil action, nor submitted an IFP application.  Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).[1]

Further, under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, on three or more occasions while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  There is an exception to the

---

[1] Although the court issued an automatic deficiency order instructing Luevano to submit the filing fee or an IFP application, ECF #3, his pleadings reveal that it is futile for him to do so, as this action will be dismissed regardless of payment of the fee.

"three strikes rule" when the prisoner is in imminent danger of serious physical injury. *Id.*

The federal database of civil and criminal suits, known as the PACER Case Locator, indicates that Luevano has filed ninety-eight civil actions in the federal courts while incarcerated, most of which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* http://pcl.upsci.uscourts.gov.[2]  Luevano is also subject to at least one prefiling review order, in the Western District of Texas, as a vexatious litigant. *See Luevano v. Office of Inspector Gen.*, No. 11-CA-131 (W.D. Tex. Feb. 28, 2011).  Thus, Luevano is clearly on notice of § 1915(g)'s proscription on his filing of any complaint without prepayment of the fee or the submission (and eventual granting) of an *in forma pauperis* application. *See Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005) (allowing a court to consider court records of previous dismissals and requiring notice to the prisoner of these dismissals before denying IFP under § 1915(g)).

Luevano may not, therefore, file another civil

---

[2] *See e.g.*, *Luevano v. Boykin*, No. 5:08-CV-1844 (N.D. Ohio Oct. 31, 2008) (failure to state a claim); *Luevano v. Richardson*, No. 1:08-CV-781 (D.N.M. Oct. 31, 2008) (failure to state a claim); *Luevano v. Clinton*, No. 2:08-CV-1360 (E.D.N.Y. Apr. 4, 2008) (frivolous); *Luevano v. Bd. of Disciplinary Appeals*, No. 5:08-CV-107 (W.D. Tex. Mar. 20, 2008) (frivolous); *Luevano v. Doe*, No. 1:07-CV-1025 (W.D. Tex. Jan. 18, 2008) (frivolous); *Luevano v. Perry*, No. 1:07-CV-1026 (W.D. Tex. Jan. 18, 2008) (frivolous); *Luevano v. United States President of America*, No. 08-CV-53 (D.D.C. Jan. 2, 2008) (dismissed for failure to state a claim).

action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997). Luevano's statement of facts in this petition does not meet that standard. Accordingly, Luevano is not excused from the restrictions under § 1915(g) and may not proceed without prepayment of fees in this case.

**B.   Screening Under 28 U.S.C. § 1915A(b)(1)**

Even if Luevano pays the full $350 filing fee, however, his action is subject to *sua sponte* dismissal under 28 U.S.C. § 1915A. Under § 1915A, this court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing . . . a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). When conducting this review, the court may dismiss the action, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b) (1); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010); Resnick v. Hayes, 213 F.3d 443, 446-47 (9th Cir. 2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Luevano asks this court to compel, or issue writs of mandamus to, the United States Congress to investigate the United

States Supreme Court, two United States District Courts, and other unnamed judges and individuals for unspecified violations. This court has no power to compel Congress to legislate, investigate, hold hearings, or otherwise act at Luevano's behest. *See generally*, U.S. Const. art. I, II, III; *Keener v. Congress*, 467 F.2d 952, 952 (5th Cir. 1972) (holding that suit for mandamus to compel Congress to legislate is frivolous); *cf. United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) ("[F]ederal courts are courts of limited jurisdiction empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress.") (internal quotation marks omitted).  28 U.S.C. § 1361.  Luevano's suit is frivolous.

If the court ignores the plain text of Luevano's petition, and liberally construes it as a civil rights action, his claims are not cognizable because they appear to challenge the validity of his conviction, and it is clear that his conviction and sentence have not been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Moreover, Luevano does not explain why venue for this action lies in Hawaii, when neither he nor any Defendant resides or is based in Hawaii.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004) (holding that § 2241 petitioners must file in the district of

5

confinement, as otherwise "a prisoner could name a high-level supervisory official as respondent and then sue that person wherever he is amenable to long-arm jurisdiction. The result would be rampant forum shopping[.]"); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497 (1973) (a state prisoner's petition for writ of habeas corpus may be filed in the federal judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced). Luevano was not convicted in Hawaii and is not incarcerated in Hawaii. Defendants are alleged to be in Washington, D.C., and Texas, and venue here is improper.

Finally, Luevano provides no facts supporting his claims, and the petition is incoherent and frivolous on its face.

### III.  CONCLUSION

Luevano's Petition is DISMISSED without prejudice. In light of his litigation history in this and many other federal courts, and the insubstantial nature of his claims, transfer of this action to another venue does not serve the interests of justice. *See* 28 U.S.C. § 1406(a). The Clerk of Court is DIRECTED to enter judgment and to close this case. Any appeal of this order would be frivolous and, therefore, not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 27, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Luevano v. U.S. Supreme Court*, 1:12-cv-00200 SOM/KSC; Order Dismissing Action (psas/3 strikes/dmp/2012/Luevano 12-200 som (mand. no ifp or $)